## 17575

Ex Parte MODERN FINANCE CO., a Delaware Corp., d/b/a Citizens Finance Co., for Itself and Others similarly situated mentioned in the Petition, Petitioner, v. J. Wilbur HICKS, as Judge of The Juvenile and Domestic Relations Court for Greenville County, S. C., and The Juvenile and Domestic Relations Court for Greenville County, Respondents. In Re J. D. and Elise Young, Peitioners, v. ATLANTIC DISCOUNT CORPORATION OF GREENVILLE et al., Respondents.

(110 S. E. (2d) 859)

Messrs. *Julius B. Aiken* and *J. Wiley Brown*, of Green-ville, *for Petitioner, Modern Finance Co.,* 

Messrs. *Benjamin A. Bolt, Hubert E. Nolin* and *J. D. Todd, Jr.,* of Greenville, *for Respondents,* 

October 29, 1959.

LEGGE, Justice.

Petitioner, a small loan company, for itself and others similarly situated, asks this court to issue in its original jurisdiction a writ of prohibition directed to the Judge of the Juvenile and Domestic Relations Court for Greenville County, forbidding certain procedures which the petitioner alleges transcend the jurisdiction of that court and violate contractual rights of the petitioner and the others for whose benefit it purports to act.

The petition charges that in certain proceedings instituted and now pending in the Juvenile and Domestic Relations Court against it and other loan companies, and in some seventy-five other proceedings of the same type (to which it does not appear that the petitioner was or is a party), that court, pursuant to a policy followed by it since the year 1956, has undertaken, upon application to it by debtors, to enjoin their creditors from enforcing contractual rights, has required such debtors to deposit in said court all of their earnings, has allocated to the respective debtors therefrom such amounts as the court may have determined to be adequate for the support of such debtors and their families, and has apportioned the balance among their creditors. Petitioner declares that in so doing the court has overstepped the authority vested in it by the statute that created it.

Upon this petition Mr. Justice Moss issued on August 14, 1959, his rule requiring the Judge of the Juvenile and Domestic Relations Court for Greenville County to show cause before this court at its October, 1959, term why the writ prayed for should not issue, and in the meantime restraining him from issuing any orders affecting the contractual rights of the petitioner and those in the class represented by it. Upon said petition and rule and the return thereto, the matter is now before us.

· The respondent by his return admits the procedures complained of, and alleges that they have been and are proper and necessary in the interest of the welfare of families in financial distress, and that they are within the scope of the jurisdiction conferred upon the Juvenile and Domestic Relations Court for Greenville County by the act of the General Assembly that created it, and by the general statutory law of the state.

This court is and should be primarily concerned with appellate matters; it should not exercise original jurisdiction in matters cognizable in the circuit courts except when necessary in the public interest, or because of emergency, or for some other compelling reason. Rule 20, Section 1, reads as follows:

"Neither the court nor any justice thereof will entertain· motions for issuance of writs in the original jurisdiction when such motions can be made before the circuit courts, or the judges thereof, in the first instance, without material prejudice to the rights of the parties. If the public interests are involved, or if special grounds of emergency, or other good reasons exist why the original jurisdiction of this court should be exercised, the facts showing such reasons must be stated in the moving papers which must be duly verified."

In *King v. Aetna Insurance Co.,* 168 S. C. 84, 167 S. E. 12, where the procedure followed by Mr. Justice Moss in the instant matter was expressly approved, it was pointed out that the issuance of a rule to show cause by a single justice in such cases does not preclude determination by this court whether or not the matter warrants the exercise of its original jurisdiction.

The petition here does not, in our judgment, present grounds warranting the exercise of this court's original jurisdiction. The course of conduct complained of has, according to the allegations of the petition, existed for at least three years, during which it has been followed

by the Juvenile and Domestic Relations Court for Greenville County in many proceedings to which either the petitioner or one or more of the concerns which it purports to represent have been parties. There appears to us no good reason why the petitioner should not in the first instance seek before the circuit court such relief as it may consider itself entitled to; and from this view we are not persuaded by the statement, in respondent's return, that although the petition fails to state grounds for the exercise of our original jurisdiction the respondent is willing to submit to that jurisdiction in order that the issues presented may be clarified. Whether or not this court should exercise original jurisdiction is a matter not for agreement between litigants, but for determination by this court in the light of its rules and of the facts upon which such jurisdiction is invoked.

Having concluded that we should decline to exercise original jurisdiction in this matter, we do not reach the issue, suggested by the return, that there is no such community of interest among the parties for whose benefit the proceeding is brought as would entitle the petitioner to maintain a class action. Nor do we intimate any opinion as to whether the allegations of the petition meet the requirements prescribed by the decisions of this court as necessary for the issuance of the writ of prohibition.

Petition dismissed, and restraining order vacated.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.